# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MONTREAIL DEAN DUNGY,<br><br>    Defendant. | No. CR01-3038-MWB<br><br>**ORDER REGARDING DEFENDANT'S *PRO SE* APPLICATION FOR A CERTIFICATE OF APPEALABILITY** |

_____

This case is before the court on defendant Montreail Dean Dungy's *pro se* Application For Issuance Of Certificate Of Appealability (docket no. 210). Dungy's motion raises the question of whether or not he should be issued a certificate of appealability. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A

substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Dungy has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment that Dungy failed to prosecute debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve that issue differently. *Cox*, 133 F.3d at 569. Therefore, Dungy does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATED** this 10th day of May, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

2